IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MCDAVID O. OYEKWE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-01075-L-BT |
| | § | |
| FEDERAL EXPRESS CORPORATION, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the following Motions filed by *pro se* Plaintiff McDavid Oyekwe:

- Response to Motion to Dismiss and Motion for Default Judgment, (ECF No. 23);

- Motion of Contempt, to Compel, to Sanction, to Strike, & of Default Judgment, (ECF No. 25);

- Second Motion of Contempt, to Compel, to Sanction, to Strike, & of Default Judgment, (ECF No. 27);

- Motion of Contempt, to Compel, to Sanction, to Strike, & of Default Judgment, (ECF No. 29); and

- Objection to Compel Motion, to Sanction, to Strike, & of Default Judgment, (ECF No. 33).

In each motion, Oyekwe asks the Court to grant him a "default judgment" against Defendant Federal Express Corporation (FedEx) in the amount of $1,000,001.00. This request must be DENIED. Rule 55 governs applications for default and default judgment. Fed. R. Civ. P. 55. Three steps are required to obtain

1

a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond within the time required by the Federal Rules of Civil Procedure. *Id.* The Clerk will enter a default when the party's default is established by an affidavit or otherwise. *Id.* (citing Fed. R. Civ. P. 55(a)). After the entry of default, a plaintiff may apply to the court for a default judgment. *Id.* Here, FedEx filed an answer on May 28, 2021, (ECF No. 6), and is not in default. Thus, Oyekwe is not entitled to a default judgment, and the Court should deny his request for one.

In each motion, Oyekwe also asks the Court to hold FedEx "in civil contempt." This request must be DENIED. Oyekwe apparently contends FedEx has engaged in discovery misconduct and charges that FedEx was "untruthful to the court." To prove that FedEx should be held in civil contempt, Oyekwe must establish by clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by FedEx, and (3) FedEx failed to comply with the court's order. *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004). But Oyekwe's motions fail to identify any court order requiring specific conduct by FedEx that FedEx violated or ignored. In the absence of clear and convincing evidence of any contempt by FedEx, the Court must deny Oyekwe's request to hold FedEx in civil contempt.

Finally, Oyekwe's motions suggests he wants the Court to "compel, sanction, and strike," but he does not identify any particular discovery to compel or request

2

to strike. He also does not provide any argument or authority in support of his request to "sanction" FedEx. For its part, FedEx denies that Oyekwe properly served any discovery under the Federal Rules of Civil Procedure. And Oyekwe has not provided any proof that he properly served discovery. Under the circumstances, the Court should deny Oyekwe's vague request for sanctions.

The Court should DENY Oyekwe's motions for default judgment, to hold FedEx in civil contempt, to compel or strike discovery, and to otherwise sanction FedEx. *See* Mots. (ECF Nos. 23, 25, 27, 29, 33).

**SO RECOMMENDED.**

December 17, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

3