IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MCDAVID O. OYEKWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-01075-L-BT |
| | § | |
| FEDERAL EXPRESS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this removed employment discrimination and retaliation case is Defendant Federal Express Corporation's (FedEx's) partial Motion to Dismiss. MTD (ECF No. 21). For the reasons explained in these Findings, Conclusions, and Recommendation, the Court should GRANT FedEx's Motion and DISMISS counts three, four, and five from Oyekwe's amended complaint.

## Background

Oyekwe, who is black, filed this lawsuit against his former employer in Texas state district court alleging three causes of action: (1) race discrimination and (2) retaliation "in violation of the Texas Commission on Human Rights Act ('TCHRA') . . . and Title VII of the Civil Rights Act of 1964 . . . for employment discrimination," and (3) interference with the rights provided by the Family and Medical Leave Act (FMLA), 29 C.F.R. § 825.220. Orig. Pet. (ECF No. 1-5). After FedEx removed the case to federal court, Oyekwe amended his pleadings to add

1

two additional causes of action: (4) "defamation with libel," and (5) a violation of the False Claims Act (FCA). Am. Compl. 3-4 (ECF No. 18). FedEx filed an answer and Rule 12(b)(6) motion to dismiss counts three, four, and five. In a two-page response, Oyekwe asks this Court to deny the motion to dismiss, to hold FedEx "in civil contempt," and to order "default judgment." Resp. (ECF No. 23). FedEx did not file a reply. Accordingly, the Motion is fully briefed and ripe for determination.

## Preliminary Matters

To the extent Oyekwe seeks affirmative relief in the form of an order of civil contempt or a default judgment, that request must be denied. The Court recently accepted the findings and conclusions of the undersigned magistrate judge and denied Oyekwe's request for an order of contempt and a default judgment. Order (ECF No. 41); *see* FCR (ECF No. 37) (explaining that Oyekwe failed to establish any contempt by clear and convincing evidence and that he is not entitled to a default judgment because FedEx filed an answer).

## Legal Standard

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual

2

allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.

3

2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). "Dismissal is proper only if there is either: (1) the lack of a cognizable legal theory, or (2) the absence of sufficient facts alleged under a cognizable legal theory." *S&W Enters., L.L.C. v. SouthTrust Bank, N.A.*, 2001 WL 238095, at *4 (N.D. Tex. Mar. 6, 2001) (quoting *Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996) (citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).

Although the courts construe *pro se* litigants' pleadings liberally, *pro se* parties are not exempt from complying with the relevant rules of procedural and substantive law. *U.S. Bank, N.A. v. Richardson*, 2018 WL 5722680, at *3 (N.D. Tex. July 30, 2018) (Rutherford, J.) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law . . . . Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.") (citations omitted)).

## Analysis

In its motion, FedEx contends Oyekwe fails to allege any plausible facts that would establish the necessary elements of a FMLA-interference claim, a defamation claim, or a FCA claim. MTD 2, 3, 5. The Court addresses these arguments in order.

FMLA Interference Claim

"Under the FMLA, eligible employees are entitled to twelve weeks of *unpaid* leave in a twelve-month period for certain qualifying reasons." *Park v. Direct Energy GP, LLC*, 832 F. App'x 288, 293 (5th Cir. 2020) (emphasis added) (citing 29 U.S.C. § 2612(a)(1)(A)). To establish a claim of FLMA interference, "an employee must show that the defendant interfered with, restrained, or denied [plaintiff's] exercise or attempt to exercise [of] FMLA rights, and that the violation prejudiced [him]." *D'Onofrio v. Vacation Publ'n, Inc.*, 888 F.3d 197, 209 (5th Cir. 2018) (internal quotations and citation omitted). In other words, to make a prima facie case of FMLA interference, a plaintiff must demonstrate the following: "(1) he was an eligible employee, (2) his employer was subject to the FMLA, (3) he was entitled to FMLA leave, (4) he notified his employer of his intent to take FMLA leave, (5) his employer interfered with his exercise of FMLA rights, and (6) he was prejudiced as a result." *Park*, 832 F. App'x at 293.

Here, Oyekwe alleges his manager, Rich Milgans, put him on an unpaid Leave of Absence "without his request or consent" from December 31, 2019 to March 26, 2020. Orig. Pet. 5 ¶ 28, 7 ¶ 51. He further alleges:

> At the time of his unofficial termination, [he] was owed compensation for fraudulent unrequested FMLA (LOA) from [FedEx] and was not paid for the hours [he] should've [] worked if [he was] not banned from [the] work[ ]site in violation of the laws pursuant to FMLA interference or fraud.
>
> He is owed approximately $5,000 - $15,00 in missing pay.

Am. Compl. 3 ¶¶ 9-10. But Oyekwe fails to allege facts to show he was an eligible employee, FedEx was subject to the FMLA, or he was entitled to FMLA leave. *See id.* He also fails to allege that he notified FedEx of his intent to take FMLA leave. Rather, he specifically claims that the leave was "unrequested." *See id.* He also claims that he is "owed compensation" for this unrequested leave, but FMLA leave is "unpaid" leave. Thus, Oyekwe concedes that he was not prejudiced. Oyekwe has hence failed to allege sufficient facts to establish the necessary elements of a FMLA interference claim, and the Court should dismiss count three of Oyekwe's amended complaint.

## Defamation Claim

To establish a prima facie case of defamation under Texas law, a plaintiff must demonstrate the following: "(1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement (negligence if the plaintiff is a private individual); and (4) damages." *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (citations omitted); *see also Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006) (stating that defamation is "a false statement about a person, published to a third party, without legal excuse, which damages the person's reputation" under Texas law). "A statement is defamatory if it exposes a person to public hatred, contempt or ridicule, or financial injury or if it impeaches any person's honesty, integrity, virtue, or reputation." *Lorfing v. Gerdau Ameristeel U.S., Inc.*, 2017 WL 9471835, at *2 (N.D. Tex. Jan. 26, 2017) (Ramirez, J.) (internal quotations and

6

citations omitted), *rec. accepted*, 2017 WL 562142 (N.D. Tex. Feb. 13, 2017) (Lindsay, J.). "Courts require 'more particular pleading' for defamation claims to allow the opposing party to raise the appropriate defenses." *Lorfing*, 2017 WL 9471835, at *2 (internal quotations and citation omitted).

Oyekwe's Original Petition did not include any claim for defamation. However, in his amended complaint, Oyekwe alleges:

> FedEx Leadership[,] despite the prolific racist & misconduct history of Erik Rick Milgans (whom is not a certified doctor or physician)[,] allows [Milgans] to falsely diagnose the [Oyekwe] as disabled as [a] Material Handler to attempt to violate his HIPPA privacy[,] despite [Oyekwe's] safety / performance record was better than [his] white peers and teammates of lesser tenure and job roles . . . [that] all had multiple accidents on [the] ramp with no job accommodation harassment due to race . . . Keep in mind all [were] trained [to be a] captain over black employees [] with less tenure. Furthermore[, FedEx stated] false information [that Oyekwe] remotely requested any leave of absence[,] violated [a] FedEx policy[, or received three] letter notices in the defined 12 months [before] termination. [The t]ruth is [that] FedEx Leadership violated and amended their own policy after clear hypocrisy of race misconduct [and] Milgans consistent racial misconduct reveal[ed] itself again and again.

Am. Compl. 3. It is clear Oyekwe disputes FedEx's purported reasons for firing him. However, these allegations fail to set forth facts to establish that FedEx negligently published a false or defamatory statement to anyone or that Oyekwe was damaged by any such statement. Therefore, Oyekwe fails to allege plausible facts that would establish the necessary elements of a defamation claim or allow FedEx to raise the appropriate defenses. Accordingly, the Court should dismiss count four of Oyekwe's amended complaint.

## FCA claim

The FCA is "the Government's primary litigation tool for recovering losses resulting from fraud." *United States v. Cardinal Health, Inc.*, 625 F.3d 262, 267 (5th Cir. 2010) (internal quotations and citation omitted). "Under certain circumstances, the FCA permits suits by private parties on behalf of the United States against anyone submitting a false claim to the government." *Id.* (internal quotations and citation omitted). To state a claim under the FCA, a plaintiff must allege the following: "(1) a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that is presented to the Government." *Id.* (citation omitted). The FCA only applies to false statements or conduct that are presented to the Government or involves Government money and property. *See United States v. Southland Mgmt. Corp.*, 326 F.3d 669, 674 (5th Cir. 2003).

Again, Oyekwe's Original Petition did not include any claim for a FCA violation. However, in his amended complaint, Oyekwe alleges:

> Erik Rick Milgan[s's] misconduct (despite prior history of similar events) was evident to the FedEx Leadership with numerous other employee[s'] reports for similar or separate complaints[,] but continual racial ignorance led them to choose to lie [to] the African–American [Oyekwe] choosing racial[-]bias[-]culture angle that prevails in their [L]eadership.

Am. Compl. 4. Oyekwe fails to allege facts to establish that FedEx made any statements to the Government. Therefore, Plaintiff fails to allege plausible facts to

establish the necessary elements of a FCA claim. Accordingly, the Court should dismiss count five of Oyekwe's amended complaint.

## Opportunity to Amend

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Therefore, courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. However, dismissal with prejudice is appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Additionally, "[i]t is not incumbent on the court to give litigants repeated opportunities to prosecute and defend their claims," particularly when, as here, Oyekwe already amended his pleadings. *Arkansas v. Wilmington Tr. N.A.*, 2020 WL 1249570, at *12 (N.D. Tex. Mar. 16, 2020) (Lindsay, J.) (citing *Reliance Ins. Co. v. La. Land and Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (noting "judges have the power to control their dockets by refusing to give ineffective litigants a

second chance to develop their case" (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992))).

    Here, Oyekwe already amended his complaint once—without leave of court or consent from Defendants. He did not request leave to amend in response to FedEx's motion or in the multitude of filings he has made since filing his response; nor has he indicated to the Court that he can amend his Complaint to cure the deficiencies noted above. The Court should find that Oyekwe has presented his best case based on the facts provided by his amended complaint. Neither his factual allegations nor his legal theories are sufficient to state any legally cognizable claim for FMLA interference, defamation, or FCA violations. Therefore, Oyekwe's counts three, four, and five should be dismissed with prejudice.

## Recommendation

    For the reasons stated, the Court should GRANT FedEx's partial Motion to Dismiss, (ECF No. 21), and DISMISS with prejudice Oyekwe's counts three, four, and five of his amended complaint, (ECF No. 18), under Rule 12(b)(6) for failure to state a claim. Oyekwe's claims for discrimination and retaliation in violation of state and federal law remain pending.

    **SO RECOMMENDED**.

    January 13, 2022.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).