IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MCDAVID O. OYEKWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-01075-L-BT |
| | § | |
| FEDERAL EXPRESS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this removed *pro se* employment discrimination and retaliation case is Defendant Federal Express Corporation's (FedEx's) Motion to dismiss, Mot. (ECF No. 50), because Plaintiff McDavid O. Oyekwe failed to respond to FedEx's discovery requests and this Court's related Order (ECF No. 48). As explained in these Findings, Conclusions, and Recommendation, the Court should GRANT FedEx's Motion and DISMISS this action with prejudice under Rules 37(b) and 41(b) based on Oyekwe's bad-faith refusal to comply with his discovery obligations and this Court's order. *See* Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b).

**Background**

Proceeding *in forma pauperis*, Oyekwe filed this lawsuit against his former employer in state court alleging three causes of action: (1) race discrimination and (2) retaliation "in violation of the Texas Commission on Human Rights Act

1

('TCHRA') . . . and Title VII of the Civil Rights Act of 1964 . . . for employment discrimination," and (3) interference with the rights provided by the Family and Medical Leave Act (FMLA), 29 C.F.R. § 825.220. Orig. Pet. (ECF No. 1-5). After FedEx removed the case to federal court, Oyekwe amended his pleadings to add two additional causes of action: (4) "defamation with libel," and (5) a violation of the False Claims Act (FCA). Am. Compl. 3-4 (ECF No. 18). On July 9, 2021, FedEx filed an answer (ECF No. 20) and a Rule 12(b)(6) motion (ECF No. 21) to dismiss counts three, four, and five. The Court granted FedEx's partial motion to dismiss, and only Oyekwe's counts one and two remain. *See* FCR (ECF No. 42); *see also* Order (ECF No. 43).

With respect to his remaining claims, Oyekwe alleges he worked for FedEx from January 2019 until his termination on May 8, 2020. Orig. Pet., *in* State Ct. Files 12, 16 (ECF No. 1-5). He contends that FedEx discriminated against him on the basis of his race and retaliated against him in violation of state and federal laws. Am. Compl. ¶¶ 4, 7 (ECF No. 18). He seeks $1,000,001.00 in "economic and emotional damages," including "past and future wages and bonuses, benefits, damage to his professional career, emotional and mental damage, and a loss of his retirement in his 401K account." *Id.*

On August 10, 2021, FedEx propounded discovery requests to Oyekwe under the Federal Rules of Civil Procedure, including requests for admission under Rule 36, interrogatories under Rule 33, requests for production (RFPs) under Rule 34, and release forms for medical, employment, and tax records. *See* French Decl. ¶ 5

(ECF No. 34-1). On September 23, 2021, Oyekwe emailed FedEx his responses. *Id.* ¶ 7. But his responses lacked signed release forms or answers to the requests for admission. *Id.* ¶¶ 7-8. Additionally, his responses to many of FedEx's interrogatories and RFPs were incomplete. *See generally* Order (ECF No. 48).

On October 12, 2021, FedEx filed its motion to compel (ECF Nos. 31, 34) Oyekwe to disclose and produce complete and accurate discovery responses. On February 16, 2022, the Court granted, in part, FedEx's motion to compel. Order (ECF No. 48). Accordingly, the Court ordered Oyekwe to answer FedEx's discovery requests and produce responsive documents by March 11, 2022, to the extent described in the Order. *Id.* at 12.

In its order, the Court advised "Oyekwe that he is not required to make an extensive investigation in responding to a discovery request, but he must create a verified answer by reviewing all sources of responsive information reasonably available to him and providing the responsive relevant facts reasonably available to him." Order 4 (ECF No. 48). The Court further explained "[a] responding party must exercise due diligence and make a reasonable inquiry for responsive documents. If no responsive documents exist, the responding party must state that and explain the efforts made to identify responsive documents." *Id.* at 9 (internal citation omitted). The Court also explained "Oyekwe . . . argues [FedEx's] requests are 'repetitive' or 'repetitious' because he has provided some of this information in another proceeding in another forum," but "Oyekwe is not relieved of his duty to respond to discovery in this case merely because another matter is pending in

another forum where he may have provided some discovery." *Id.* at 3-4. The Court warned "Oyekwe that any failure to comply with this Order may result in this Court's recommendation of sanctions" because "Rule 37(b) 'empowers the courts to impose sanctions for failures to obey discovery orders'" including "'dismissing the action or proceeding in whole.'" *Id.* at 12-13. Yet, to this date, Oyekwe has failed to answer FedEx's discovery or produce responsive documents as ordered.

On March 14, 2022, FedEx filed the current Motion (ECF No. 50) asking the Court to dismiss Oyekwe's suit for willfully failing to participate in discovery, act in a good-faith pursuit of his claims, and follow the Court's orders. Oyekwe responded in "opposition to [the] motion to dismiss" alleging FedEx's counsel "was clearly untruthful in provided discovery" because FedEx "used approximately 6 and a half [hours] to depose Plaintiff," Oyekwe "provided up to 700 exhibits via email" to FedEx in another case, and Oyekwe "provided everything" he had.[1] Resp. 1 (ECF No. 53); *see* Reply 2 (ECF No. 54); *see also* Pl.'s MTC Resp. 1 (ECF No. 33). However, Oyekwe failed to give the Court any reason why he failed to follow the Court's February 16, 2022 Order. *See generally* Resp.

---

[1] Additionally, in his Response, Oyekwe filed a "motion for default judgment" and asked the Court to find FedEx in civil contempt because "the defendant . . . was knowingly untruthful to the [C]ourt with [ ] false discovery . . . to mislead the plaintiff and the [C]ourt." Resp. 1, 2. The Court previously determined Oyekwe's motions for default judgment and sanctions based on similar arguments. (ECF Nos. 37, 41). Therefore, to the extent that Oyekwe is asking the Court to reconsider the previously decided issues, the Court should deny Oyekwe's motion for default judgment and sanctions in his Response to FedEx's Motion to dismiss.

## Legal Standards and Analysis

Although courts construe *pro se* litigants' pleadings liberally, *pro se* parties are not exempt from complying with the relevant rules of procedural and substantive law. *U.S. Bank, N.A. v. Richardson*, 2018 WL 5722680, at *3 (N.D. Tex. July 30, 2018) (Rutherford, J.) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law . . . Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.") (citations omitted)). Indeed, other courts in this district have previously advised Oyekwe of this standard. *See, e.g.,* Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 83) in *Oyekwe v. Rsch. Now Grp., Inc.*, No. 3:19-cv-01085-S-BN (N.D. Tex.) (advising that the "traditional leniency" afforded *pro se* litigants does not excuse failure to comply with procedural rules).

And while he is proceeding *pro se*, Oyekwe is no stranger to federal court. He has filed at least four other lawsuits in the last three years. *Oyekwe v. Rsch. Now Grp., Inc.*, No. 3:19-cv-01085-S-BN (N.D. Tex.); *Oyekwe v. Rsch. Now Grp., Inc.*, No. 3:21-cv-00886-S-BN (N.D. Tex.); *Oyekwe v. Rsch. Now Grp., Inc.*, No. 3:21-cv-02166-X-BK (N.D. Tex.); *Oyekwe v. Bracket & Ellis Corp.*, No. 3:21-cv-02282-N-BN (N.D. Tex.). Other courts in this district have described his conduct in those cases as "vexatious," and he has been warned against pursuing frivolous or malicious lawsuits. *See Oyekwe v. Rsch. Now Grp., Inc.*, 2021 WL 5168269, at

*4 (N.D. Tex. Oct. 21, 2021) (Toliver, J.), *rec. adopted*, 2021 WL 5909006 (N.D. Tex. Dec. 14, 2021) (Starr, J.) ("Oyekwe is expressly warned that should he continue to pursue frivolous or malicious lawsuits, the Court may impose sanctions."); *see also Oyekwe v. Bracket & Ellis Corp.*, 2021 WL 5169285, at *3 (N.D. Tex. Sept. 27, 2021) (Horan, J.) ("Given Oyekwe's filing history set out above—which now includes two lawsuits that were filed maliciously—the Court should warn him that, should he continue to pursue frivolous or malicious lawsuits, this Court will bar him from proceeding."), *rec. adopted*, 2021 WL 5164938 (N.D. Tex. Nov. 5, 2021) (Godbey, J.).

In this case, Oyekwe failed to participate in discovery violating Rule 37(b) and follow court orders violating Rule 41(b).

### Rule 37(b)

Federal Rule of Civil Procedure 37(b) permits a Court to dismiss a party's claim with prejudice when that party disobeys a discovery order.[2] Fed. R. Civ. P. 37(b)(2)(A)(v); *see FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); *see also Jones v. AT&T Mobility Servs., LLC*, 2018 WL 7117916, at *3 (N.D. Tex. Dec. 27, 2018) (Rutherford, J.) (citation omitted), *rec. adopted*, 2019 WL 318181 (N.D. Tex. Jan. 23, 2019) (Fitzwater, J.). Because dismissal with prejudice is a "'remedy of last

---

[2] FedEx does not mention in its Motion, but Rule 37(d)(1)(A) provides an alternate basis for sanctions under the rule, which would be applicable here. Rule 37(d)(1)(A) authorizes a Court to dismiss a case where a party fails to serve answers to interrogatories. Fed. R. Civ. P. 37(d)(1)(A)(ii). Here, Oyekwe failed to serve answers to interrogatories as ordered by the Court.

resort,'" certain factors "must be present before a district court may dismiss a case as a sanction for violating a discovery order." *Conner*, 20 F.3d at 1380 (quoting *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985)). Dismissal with prejudice is only appropriate when: 1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" 2) "the violation of the discovery order [is] attributable to the client instead of the attorney;" 3) "the violating party's misconduct [ ] 'substantially prejudice[s] the opposing party;'" and 4) "a less drastic sanction would [not] substantially achieve the desired deterrent effect." *Conner*, 20 F.3d at 1380-81 (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990) (citation omitted)); *see Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam).

Here, Oyekwe disobeyed this Court's February 16, 2022 Order (ECF No. 48) to respond to FedEx's interrogatories and produce responsive documents. Dismissal with prejudice is appropriate in this case because Oyekwe blatantly disobeyed this Court's Order, exhibiting willful noncompliance. Oyekwe's failure to comply cannot be attributed to counsel since he is proceeding *pro se*. *See Doe*, 283 F. App'x at 292 ("Since Appellant is *pro se,* her actions are hers alone and not attributable to her counsel."). And his failure to participate in discovery has prohibited FedEx from filing a motion for summary judgment and substantially prejudicing FedEx's ability to defend this lawsuit. Mot. 2; *see Morgan v. McDonald's Corp.*, 2015 WL 799047, at *3 (N.D. Tex. Feb. 25, 2015) (Fitzwater, J.)

(dismissing with prejudice when *pro se* plaintiff's "repeated failures to cooperate with defense counsel [ ] deprived [d]efendant of basic discovery and substantially prejudiced [d]efendant's ability to defend this lawsuit").

FedEx has not been able to cure this prejudice or obtain the relevant information it seeks through other means. In response to Oyekwe's complaint that FedEx deposed him for over six hours, FedEx filed deposition excerpts showing that Oyekwe was argumentative and evasive, refusing to answer straightforward questions from FedEx's counsel.

Furthermore, a less drastic sanction would not achieve the desired deterrent effect in this case because Oyekwe has repeatedly disregarded this Court's Orders. *See Abuya v. Verizon Select Servs., Inc.*, 2010 WL 2669024, at *4 (N.D. Tex. June 4, 2010) (Kaplan, J.), *rec. adopted*, 2010 WL 2669294 (N.D. Tex. June 30, 2010) (Fish, J.) (dismissing with prejudice when plaintiff failed to comply with two discovery orders and to appear for a show-cause hearing). And his stubborn refusal to cooperate with the Court and his opposing counsel in the discovery process is part of a pattern of contumacious behavior exhibited in this case and other cases brought by Oyekwe. Other courts have previously warned him against vexatious litigation behavior, but those warnings have gone unheeded. Therefore, FedEx is entitled to dismissal with prejudice under Rule 37(b).

Rule 41(b)

Furthermore, pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action for a plaintiff's failure to prosecute

or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Renobato v. Compass Bank Corp.*, 480 F. App'x 764, 767 (5th Cir. 2012). In this case, Oyekwe's claims against FedEx should be dismissed because Oyekwe refused to follow court orders to participate in discovery. Oyekwe failed to provide adequate responses to FedEx's interrogatories or produce documents responsive to FedEx's RFPs. The Court extended discovery and ordered Oyekwe to comply with discovery in the additional allotted time. The Court issued an express warning that failure to comply could result in sanctions. Order 13 (ECF No. 48). Oyekwe refused to comply. In defense of his noncompliance, Oyekwe merely rehashed frivolous arguments that the Court addressed in earlier orders. *See* Orders (ECF Nos. 11, 41, 47, 48). He failed to show good cause for refusing to comply with a court order. Accordingly, Oyekwe's claims against FedEx should be dismissed under Rule 41(b).

## Recommendation

For the reasons stated, the Court should GRANT FedEx's Motion (ECF No. 50) and DISMISS with prejudice Oyekwe's action under Rules 37(b) and 41(b).

**SO RECOMMENDED**.

May 4, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

9

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).